IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV218-MU-02

| | | |
|---|---|---|
| MANSFIELD SONNY PORTER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| JASON HONEYCUTT, Lieu-<br>  tenant at the Buncombe<br>  County Detention Cen-<br>  ter; | ) ) ) ) | |
| RONALD WRIGHT, Officer at<br>  the Buncombe County<br>  Detention Center; and | ) ) ) | |
| PAUL MOORE, Physician at<br>  the Buncombe County<br>  Detention Center,<br>    Defendants. | ) ) ) ) | O R D E R |

THIS MATTER comes before the Court on defendant Moore's "Ex Parte Motion . . . To File Under Seal Defendant's Answer And Certain Document's Attached To Defendant's Answer, and defendant Moore's Motion for Summary Judgment, both filed November 24, 2004 (documents ##10 and 11); on defendant Honeycutt's Motion to Dismiss, filed January 4, 2005 (document # 21); on the plain-tiff's so-called "Motion To File For Relief On Claim," filed January 20, 2005 (document # 18); and on the plaintiff's "Motion [F]or Retrieval Of Video Tape That Monitored B2-Holding Cell," filed January 27, 2005 (document # 19).

A review of the record of this matter reflects that on

October 12, 2004, the plaintiff filed a civil rights Complaint,[1] essentially alleging that he was assaulted by defendants Honeycutt and Wright.[2]

Consequently, on November 24, 2004, defendant Moore filed a Motion for Summary Judgment under seal.  Such Motion asserts that defendant Moore is not a doctor and, in any event, that he was not deliberately indifferent to the plaintiff's skin problems as was alleged.  Next, on January 4, 2005, defendant Honeycutt filed a Motion to Dismiss, contending that the plaintiff has failed to fully exhaust his administrative remedies in this case.

Then, on January 20, 2005, the plaintiff filed his so-called Motion to file for Relief, essentially asking the Court to amend his Complaint to include a demand for $2,000,000 in compensatory and punitive damages.  On January 27, 2005, the plaintiff filed a "Motion for Retrieval Of Video Tape That Monitored B-2 Holding Cell."  By that Motion, the plaintiff asks the Court to retrieve and review for itself the subject videotape from the date of May 24, 2004 in order to confirm the veracity of his assault claim.

Later, on March 16, 2006, the Court entered an Order denying two requests for appointed counsel which the plaintiff previously

_____

[1]On November 4, 2004, the plaintiff filed a second civil rights complaint under case number 1:04CV239, wherein he re-alleged his complaints against the three defendants.  Consequently, by an Order filed January 6, 2005, the Court consolidated the second Complaint with the first, and then terminated the second case.

[2]Defendant Wright was named by the plaintiff's amendment, filed December 1, 2004 (d0cument # 12).

had made.  The Clerk of Court then processed that Order and mail-
ed it to the plaintiff.  However, the Court's Order was returned
to the Court on March 27, 2006 with the notation "attempted not
known."  Eventually, the Court acquired another address for the
plaintiff, and so on January 18, 2007, a deputy Clerk of Court
re-mailed the Court's Order to the plaintiff.  However, on Janu-
ary 30, 2007, the Order was returned with a notation that the
plaintiff was "no longer at th[at] institution."

Once again, the Court recently has received a letter from
the plaintiff.  Such correspondence, in part, reports the plain-
tiff's current address at a correctional facility in Boston,
Massachusetts.  Accordingly, the Clerk will be directed to update
its records to reflect this new information.

In any event, after having carefully reviewed the pending
Motions in this case, the Court has determined that neither
defendant has opposed the plaintiff's de-facto motion to amend.
Therefore, the same will be granted, and the plaintiff's Com-
plaint will be amended to reflect his demand for damages.

On the other hand, with regard to the plaintiff's Motion for
Retrieval, the Court is mindful that it now has pending before it
Motions which, if granted, would result in the summary dismissal
of this case.  In that case, therefore, the plaintiff's Motion
for Retrieval must be denied as premature.

Furthermore, as to the defendant's Motions, the Court has

determined that the plaintiff should be permitted to respond to both dispositive Motions. Indeed, with regard to defendant Moore's Motion for Summary Judgment, the law is clear that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, the plaintiff is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the defendant.

Rule 56(e) reads in pertinent part:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the plaintiff has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the defendant, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the plaintiff and sworn before a Notary Public. If the plaintiff chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

"I declare under penalty of perjury that the

4

foregoing is true and correct."

With regard to defendant Honeycutt's Motion to Dismiss, the law is equally clear that the plaintiff is entitled to response to the defendant's Motion. You may <u>not</u> allege new facts surrounding the events in question as part of your response. You should base your response and/or argument(s) solely on the allegations contained in your Complaint and/or the defendant's Motion to Dismiss.

Finally, as the record reflects, defendants Moore and Honeycutt were duly served with process in this matter, but defendant Wright somehow never was served. However, defendant Honeycutt has filed his Motion to Dismiss which, if granted, also would be a valid ground for dismissing this action as against defendant Wright. Therefore, the Court will not direct that process be prepared and served upon defendant Wright until a decision has been made concerning defendant Honeycutt's Motion to Dismiss.

**PLAINTIFF PORTER PLEASE READ THIS:**

You are further advised that you have thirty (30) days from the filing of this Order in which to file your responses and any documents, affidavits, or unsworn declarations you may wish to submit in opposition to both of the defendant's Motions. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Defendant Moore's Motion To File Under Seal (document #10) is **DENIED;**

2.  The Clerk is directed to unseal defendant Moore's Answer and Motion for Summary Judgment (document #11);

3.  The Clerk shall update its records to reflect the plaintiff's new address of:

> Suffolk County House of Correction
> Inmate # 0605839
> 20 Bradston Street
> Boston, MA 02118

4.  The plaintiff's Motion to File for Relief (document # 18) is **GRANTED** such that the plaintiff's Complaint is **AMENDED** to set forth a demand for $2,000,000 in compensatory and punitive damages;

5.  The plaintiff's Motion for Retrieval (document # 19) is **DENIED;**

6.  Within thirty (30) days of the date of this Order, the plaintiff shall respond to defendant Moore's Motion for Summary Judgment and to defendant Honeycutt's Motion to Dismiss as explained above; and

7.  The Clerk shall send copies of the defendants' Motions (documents ## 11 and 21), the Court's Order of March 16, 2006 (document # 23) and this Order to the plaintiff.

**SO ORDERED.**

Signed: June 18, 2007

Graham C. Mullen
United States District Judge